United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 15-14767-jkf
Jeffrey Stuckey                                                           Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: Randi           Page 1 of 1              Date Rcvd: Apr 05, 2017
                             Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 07, 2017.
db              +Jeffrey Stuckey,    1834 S. 55th Street,    Philadelphia, PA 19143-5727

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 07, 2017                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 5, 2017 at the address(es) listed below:
            ANDREW F GORNALL     on behalf of Creditor   M&T BANK agornall@kmllawgroup.com,
              bkgroup@kmllawgroup.com
            BRIAN CRAIG NICHOLAS    on behalf of Creditor    M&T BANK bnicholas@kmllawgroup.com,
              bkgroup@kmllawgroup.com
            MATTEO SAMUEL WEINER    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
            THOMAS I. PULEO    on behalf of Creditor   M&T BANK tpuleo@kmllawgroup.com,
              bkgroup@kmllawgroup.com
            United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
            WILLIAM C. MILLER   ecfemails@ph13trustee.com,  philaecf@gmail.com
            ZACHARY PERLICK    on behalf of Debtor Jeffrey  Stuckey Perlick@verizon.net,
              pireland1@verizon.net
                                                                                         TOTAL: 7

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jeffrey Stuckey | | CHAPTER 13 |
| | Debtor | |
| M&T Bank | | |
| | Movant | |
| vs. | | NO. 15-14767 JKF |
| Jeffrey Stuckey | | |
| | Debtor | |
| William C. Miller | | 11 U.S.C. Section 362 |
| | Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$9,256.14,** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments owed: (amounts are per month) | October 2015 to December 2015 in the amount of $425.98 January 2016 to December 2016 in the amount of $437.06 January 2017 to April 2017 in the amount of $434.47 |
| Suspense Balance: | $35.40 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$9,256.14** |

2.      The Debtor shall cure the aforesaid said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$9,256.14.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$9,256.14** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.      Beginning with the payment due May 1, 2017 and continuing thereafter, Debtor shall pay the regular contractual monthly mortgage payment of $434.47 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.      Should debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.      In the event that the payments under Sections 2 and 3 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) shall be waived.

6.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving this stipulation or ordering the relief agreed upon herein.

7.      If the case is converted to Chapter 7, the Movant may file a Certification of Default with the court and the court shall enter an order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) shall be waived.

8.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9.      The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10.      The parties agree that a facsimile signature shall be considered an original signature.

Date:    March 13, 2017

By: /s/ Matteo S. Weiner, Esq.
Matteo S. Weiner, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date:  3·30·17

Zachary Perlick, Esquire
Attorney for Debtor

NO OBJECTION

William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this __4th__ day of __April_____, 2017.  However, the court
retains discretion regarding entry of any further order.

United States Bankruptcy Judge
Jean K. Fitzsimon

*without prejudice to any
trustee rights or remedies